# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>I. MACIAS, et al.,<br><br>　　　　Defendants. | No. 2:16-CV-3050-MCE-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On November 20, 2018, this Court issued a screening order (ECF No. 9) finding Petitioner pleaded sufficient facts for his Fourth Amendment claim against Defendant I. Macias to proceed past screening and providing Plaintiff leave to amend as to his other claims against Macias and the other named Defendants. Plaintiff was informed if no amended complaint was filed the Court will issue findings and recommendations that the defective claims be dismissed and separately order the service of his complaint to Defendant I. Macias. Plaintiff has not filed an amended complaint, as such this Court recommends Plaintiffs claims against Defendants K. Steele, D. Baughman, and Scott Kernan be dismissed.

///

///

///

1

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges on November 30, 2015, he was housed in a "Z-Cell," usually for prisoners with suicidal thoughts and behavior. For that reason, he was only allowed a thin matt to sleep on, a suicidal prevention type blanket, and only allowed to wear a smock. Plaintiff asserts that the smock was not an effective article of clothing as it would not stay closed and would result in moments of bodily exposure. Plaintiff contends that as a consequence, he experienced moments of extreme embarrassment and humiliation. Plaintiff alleges that on November 30, 2015, Defendant Macias was watching him and accused him of indecent exposure resulting in a criminal complaint being filed. Plaintiff argues that Macias, a female correctional officer, violated his rights by viewing him in an exposed physical state.

## II. ANALYSIS

### A. Fourth Amendment Claim

Prisoners retain a very limited Fourth Amendment right to shield themselves from being observed nude. See Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir. 1988); cf. Robino v. Iranon, 145 F.3d 1109, 1111 (9th Cir. 1998) (per curiam) (relying on prisoners' privacy right in not being viewed by guards of the opposite sex to conclude that gender may be a bona fide occupational qualification in a Title VII sex discrimination action brought by male guards). This right is not violated if guards only make casual observations of the prisoner or if the observations are made from a distance. See Michenfelder, 860 F.2d at 334.

Plaintiff alleges that Defendant Macias was watching him while he was housed in the Z-Cell. According to plaintiff, during this observation Macias observed the malfunction of the smock and subsequently accused Plaintiff of indecent exposure. Based on the facts of the complaint Plaintiff has plead sufficient facts related to Defendant Macias for this claim to proceed against her. However, there are no facts in the complaint connecting defendants K. Steele, D. Boughman, or Scott Kernan, to this alleged violation. Thus, this claim cannot proceed against those defendants and must be dismissed as to each of them.

///

**B.      Eighth Amendment Claim – Inadequate Clothing**

The Supreme Court has made clear that prison conditions may be "restrictive and even harsh," but that they may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In order to establish that conditions of confinement have reached such a level of deprivation, a plaintiff must make both objective and subjective showings. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). The plaintiff must show that the objective level of deprivation was sufficiently serious and that the defendant was subjectively, deliberately indifferent to inmate health or safety. Id. Plaintiff must show that SVSP's required smock deprived him of the minimal civilized measure of life's necessities and that defendants acted with deliberate indifference to his health or safety.

In his Eighth Amendment challenge to the clothing restrictions, Plaintiff must show an objectively, sufficiently serious, deprivation and that the prison official acted or failed to act with deliberate indifference to an excessive risk to inmate heath or safety. See Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 297, 298, (1991)). In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), cert. denied, 532 U.S. 1065 (2001).

Plaintiff's complaint does not allege any facts that demonstrate a sufficiently serious condition or deliberate indifference on the part of the defendants in relation to this eighth amendment claim. The harm that is alleged by plaintiff is limited to the embarrassment caused by the poorly fitting smock. There are no facts that indicate that the smock was given to him for the purpose of such embarrassment or that is was intentionally used for that purpose. For that reason, based on the facts alleged, this claim must be dismissed as it fails to meet the basic standards required for the claim to proceed.

///

///

///

### C. **<u>Fourteenth Amendment Claim – Due Process</u>**

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. <u>See</u> <u>Ingraham v. Wright</u>, 430 U.S. 651, 672 (1977); <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. <u>See</u> <u>Bd. of Regents</u>, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. <u>See</u> <u>id.</u>

Liberty interests can arise both from the Constitution and from state law. <u>See</u> <u>Hewitt v. Helms</u>, 459 U.S. 460, 466 (1983); <u>Meachum v. Fano</u>, 427 U.S. 215, 224-27 (1976); <u>Smith v. Sumner</u>, 994 F.2d 1401, 1405 (9th Cir. 1993). In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question ". . . is within the normal limits or range of custody which the conviction has authorized the State to impose." <u>Wolff</u>, 418 U.S. at 557-58; <u>Smith</u>, 994 F.2d at 1405. Applying this standard, the Supreme Court has concluded that the Constitution itself provides no liberty interest in good-time credits, <u>see</u> <u>Wolff</u>, 418 U.S. at 557; in remaining in the general population, <u>see</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 485-86 (1995); in not losing privileges, <u>see</u> <u>Baxter v. Palmigiano</u>, 425 U.S. 308, 323 (1976); in staying at a particular institution, <u>see</u> <u>Meachum</u>, 427 U.S. at 225-27; or in remaining in a prison in a particular state, <u>see</u> <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245-47 (1983).

In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. <u>See</u> <u>Sandin v. Connor</u>, 515 U.S. 472, 481-84 (1995). In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Id.</u> at 483-84. Prisoners in California have a liberty interest in

the procedures used in prison disciplinary hearings where a successful claim would not necessarily shorten the prisoner's sentence. See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate release from prison were cognizable under § 1983).

Where a prisoner alleges the deprivation of a liberty or property interest caused by the random and unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. See Hudson, 468 U.S. at 531 n.11. A due process claim is not barred, however, where the deprivation is foreseeable and the state can therefore be reasonably expected to make pre-deprivation process available. See Zinermon, 494 U.S. at 136-39. An available state common law tort claim procedure to recover the value of property is an adequate remedy. See id. at 128-29.

Plaintiff's fourteenth amendment due process claim relates to the criminal complaint for indecent exposure filed against him. Plaintiff's argument seems to be that the complaint filed against him was malicious and improper and thus violated his rights. This argument is more akin to a malicious prosecution argument and not a due process argument. Malicious prosecutions are generally viewed as state tort actions and not actionable under section 1983. However, the Ninth Circuit has recognized an exception to the general rule. Thus, Plaintiff can prevail on a malicious prosecution claim under Section 1983, if he shows that defendant(s) acted with malice, without probable cause, for the purpose of denying a plaintiff equal protection or another specific constitutional right, and that the prosecution was terminated in his favor. See Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)) (brackets and internal quotations omitted). Because there is no indication that the Defendants acted with malice, without probable cause, for

the purpose of denying Plaintiff equal protections of his constitutional rights, or that the prosecution for the violation was terminated, this claim cannot proceed.

### III. CONCLUSION

Base on the foregoing, the undersigned recommends Plaintiffs claims against Defendants K. Steele, D. Baughman, and Scott Kernan be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: MAY 15, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE